UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY LEE COLTON,

                    Plaintiff,

                -against-

BANK OF NEW YORK MELLON
as Trustee for the Certificate Holders of
CWABS Inc, Asset-Backed Certificates,
Series 2007-11,

                    Defendant.

26-CV-0147 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Hawaii, brings this action *pro se*. Plaintiff seeks to enjoin Defendant Bank of New York Mellon (BONYM) from asserting ownership or foreclosure rights to property in Kailua Kona, Hawaii, and to quiet title in her favor. She alleges that the mortgage loan at issue was never conveyed into the CWABS, Inc. Asset-Backed Certificates Series 2007-11 trust and argues that a 2011/2013 "Federal RMBS Settlement Agreement" releasing enforcement rights for covered trusts precludes the foreclosure action.

The parties have engaged in litigation for many years in the state courts in Hawaii. *See, e.g.*, *Bank of New York Mellon as Tr. for Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2007-11 v. Colton*, 156 Haw. 26, 568 P.3d 818 (Ct. App. May 19, 2025) ("[T]he circuit court erred in dismissing BONYM's complaint for lack of standing"), *cert. denied*, 2025 WL 2531629, at *1 (Haw. Sept. 3, 2025). For the following reasons, this action is transferred to the United States District Court for the District of Hawaii.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Even where venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider: (1) the convenience of witnesses and parties; (2) the locus of operative facts; (3) the availability of process to compel the attendance of the unwilling witnesses; (4) the location of relevant documents and the relative ease of access to sources of proof; (5) the relative means of the parties; (6) the forum's familiarity with the governing law; (7) the weight accorded to the plaintiff's choice of forum; (8) trial efficiency; and (9) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff is a stranger to the chosen forum and the operative events did not

occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001); *Guidi v. Inter–Continental Hotels Corp.*, 224 F.3d 142, 145 (2d Cir. 2000).

Transfer appears to be appropriate in this case. The property at issue is located in Kailua Kona, Hawaii, and there have been extensive legal proceedings between the parties in Hawaii on the same or related issues. Accordingly, the Court transfers this action to the United States District Court for the District of Hawaii.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Hawaii. The Court leaves for the transferee court resolution of Plaintiff's request to proceed *in forma pauperis* (ECF 2) and motion for a temporary restraining order (ECF 3). A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 9, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

3